**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

FRANCISCO JAVIER NARANJO PINTO,

Petitioner,

v. Case No. 2:26-cv-656

JEFFREY CRAWFORD, *et al.*,

Respondents.

**OPINION & ORDER**

On July 6, 2026, the Court granted in part Petitioner Francisco Javier Naranjo Pinto's request for a writ of habeas corpus under 28 U.S.C. § 2241 and directed the respondents to provide them with a bond hearing pursuant to 8 U.S.C. § 1226(a). ECF No. 8. On July 9, 2026, the Immigration Court held a hearing where an Immigration Judge (IJ) determined that the petitioner poses a danger to the community and a risk of flight and denied the petitioner bond. *See* ECF No. 10 at 1.

The petitioner submitted a motion seeking to enforce the July 6, 2026 Order, because they were "only given three days['] notice to prepare for the hearing" and were therefore unable to marshal evidence to support an argument for bail. ECF No. 11. The petitioner's motion fails for three reasons.

First, the respondents complied with the letter of the Court's Order, which contained no specific requirement regarding notice to the petitioner. *See* ECF No. 8 at 8.

Second, insofar as the petitioner seeks reconsideration of the Court's Order because the Order did not include a notice requirement, the petitioner does not make the required showing. The Court can only reconsider an interlocutory order "before the entry of a judgment adjudicating all the claims" in a case. Fed. R. Civ. P. 54(b). Since the Court's July 6, 2026 Order disposed of the petitioner's sole claim, reconsideration is not appropriate. And even if Rule 54(b) did apply, the petitioner would have to point to (1) an intervening change in controlling law, (2) new evidence not available earlier, (3) a clear legal error, or (4) manifest injustice flowing from the original decision. *See LaFleur v. Dollar Tree Stores, Inc.*, No. 2:12-cv-363, 2014 WL 2121563, at *1 (E.D. Va. May 20, 2014) (citing *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (same standard for motions to amend a judgment under Fed. R. Civ. P. 59(e)). The petitioner clearly does not attempt any of the first three routes. And whether or not it is *morally* just for the petitioner to remain in ICE custody, the Court finds no *legal* injustice associated with the short notice the respondents gave prior to the petitioner's bond hearing.

To evaluate manifest injustice in this context, the Court looks to the fundamental fairness requirement under the Due Process Clause of the Fifth Amendment. In the context of legally nonpunitive matters like immigration removal proceedings, there are "narrow [] circumstances" in which government detention is consistent with due process. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (quotation marks and citations omitted). There are two essential components to a due process

claim in the context of an immigration proceeding. *Romero v. Bondi*, 150 F.4th 332, 340 (4th Cir. 2025).

Here, the petitioner meets the first requirement: They identify a "defect in the proceeding [that] rendered it fundamentally unfair," *Romero*, 150 F.4th at 341: namely, the petitioner alleges they were given insufficient time to submit evidence on the merits of the bond determination. *See* ECF No. 11.

However, the petitioner fails at the second step, because they do not show that this "defect prejudiced the outcome" of the hearing. *Romero*, 150 F.4th at 341. To satisfy that requirement, the petitioner would have to demonstrate "a reasonable probability that the outcome of [the hearing] would have been different" if they had received adequate time to prepare. *Id.* at 342. But the facts on which the IJ based the determination that the petitioner would pose a danger to the community if released are probably *not* susceptible to being ameliorated by any evidence the petitioner would have presented.

The IJ was required to deny bond to the petitioner unless the petitioner showed that they "would not pose a danger to property or persons" if released and that they were "likely to appear for any future proceeding." 8 C.F.R. §§ 236.1(c)(8), 1236.1(c)(8); *see Miranda*, 34 F.4th at 346–47. In this case, the IJ considered that the petitioner was convicted of violating a protective order on April 1, 2026. *See* ECF No. 10 at 1. And though the evidence the plaintiff claims they wished to present might have aided

their case with respect to the flight risk factor,[1] the danger component of the IJ's assessment would likely have remained unchanged.

Therefore, Petitioner Francisco Javier Naranjo Pinto's motion (ECF No. 11) is **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Opinion and Order to the petitioner.

**IT IS SO ORDERED**.

/s/ JKW

Norfolk, Virginia
October 5, 2026

Jamar K. Walker
United States District Judge

[1] The petitioner says they would have obtained "character letters from a U.S. citizen and resident[] as well as from [their] church." ECF No. 11 at 1.